OPINION
Defendant-appellant, Gary Leon Roseberry, appeals his sentence obtained in the Jefferson County Common Pleas Court.
On June 16, 1998, police searched appellant's home pursuant to a search warrant. They recovered approximately $800.00 in cash, $29.00 in food coupons, numerous bags of marijuana, a stolen .38 caliber handgun, scales, and various other drug paraphernalia.
On November 6, 1998, a Jefferson County Grand Jury indicted appellant as follows:
 Count One — having weapons while under disability, in violation of R.C. 2923.13(A), a felony of the fifth degree;
 Count Two — receiving stolen property, in violation of R.C. 2913.51, a felony of the fourth degree;
 Count Three — possession of marijuana in an amount exceeding 100 grams but not exceeding 200 grams, in violation of R.C. 2925.11, a misdemeanor of the fourth degree;
 Count Four — possession of drug paraphernalia, in violation of R.C. 2925.41(C)(1), a misdemeanor of the fourth degree.
The indictment also contained a forfeiture specification concerning the $800.00 in cash recovered from appellant's residence.
On January 25, 1999, plaintiff-appellee, State of Ohio, acting through the Jefferson County Prosecutor's Office, moved to drop Count Two of the indictment and amend Count Three from a charge of possession of marijuana in an amount exceeding 100 grams but not exceeding 200 grams, in violation of R.C. 2925.11, a misdemeanor of the fourth degree, to a charge of possession of marijuana in an amount less than 100 grams, in violation of R.C.2925.11, a minor misdemeanor. In exchange, appellant agreed to withdraw his original plea of not guilty and plead guilty to Count One, Amended Count Three, Count Four, and the forfeiture specification.
The trial court conducted appellant's sentencing hearing on March 12, 1999. Appellee made no recommendation and presented no evidence or witnesses. Appellant testified in his own behalf. The trial court sentenced appellant as follows:
Count One — eleven months imprisonment;
Amended Count Three — $100.00 fine
 Count Four — thirty days in jail concurrent with the sentence for Count One
The court also ordered appellant to forfeit the $800.00 cash seized during the search. Appellant appeals only that portion of the court's decision sentencing him to eleven months imprisonment on the charge of having weapons while under disability.
Appellant alleges in his sole assignment of error that:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY SENTENCING HIM TO ELEVEN (11) MONTHS ON THE FIFTH DEGREE FELONY CHARGE."
Under his sole assignment of error, appellant presents the following issue for review:
 "WHETHER THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY REACHING FINDINGS REQUIRED IN THE STATUTORY SENTENCING GUIDELINE THAT WERE NOT SUPPORTED BY THE RECORD."
I. GROUNDS TO APPEAL FELONY SENTENCE
Appellant pled guilty to one count of having weapons while under disability, in violation of R.C. 2923.13(A). R.C. 2923.13
provides in relevant part:
 "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
"* * *
 "(3) The person is under indictment for or has been convicted of any offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been an offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse.
"* * *
 "(C) Whoever violates this section is guilty of having weapons while under disability. A violation of division (A) of this section is a felony of the fifth degree. * * *"
A felony of the fifth degree carries a possible prison term of six, seven, eight, nine, ten, eleven, or twelve months. R.C.2929.14(A)(5).
R.C. 2953.08 provides in relevant part:
 "(A) In addition to any other right to appeal and except as provided in division (D) of this section, a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant on one of the following grounds:
"* * *
 "(2) The sentence consisted of or included a prison term, the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13
of the Revised Code for purposes of sentencing, and the court did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant. If the court specifies that it found one or more of those factors to apply relative to the defendant, the defendant is not entitled under this division to appeal as a matter of right the sentence imposed upon the offender.
"* * *
"(4) The sentence is contrary to law."
The trial court sentenced appellant to a prison term of eleven months and did not specify at sentencing that it found one or more factors specified in divisions (B)(1)(a) to (h) of R.C.2929.13 to apply relative to appellant. Therefore, appellant can appeal as a matter of right. R.C. 2953.08(A)(2). Also, appellant alleges that the sentence is not supported by the record. See R.C. 2953.08(A)(4); R.C. 2953.08(G)(1).
II. STANDARD OF REVIEW
R.C. 2953.08(G)(1) provides that an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
"(a) That the record does not support the sentence;
 "(b) That the sentence included a prison term, that the offense for which it was imposed is a felony of the fourth or fifth degree or is a felony drug offense that is a violation of a provision of Chapter 2925. of the Revised Code and that is specified as being subject to division (B) of section 2929.13
of the Revised Code for purposes of sentencing, that the court did not specify in the finding it makes at sentencing that it found one or more of the factors specified in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code to apply relative to the defendant who brought the appeal, and either that the procedures set forth in division (B) of section 2929.13 of the Revised Code for determining whether to impose a prison term for such an offense were not followed or that those procedures were followed but there is an insufficient basis for imposing a prison term for the offense;
"* * *
"(d) That the sentence is otherwise contrary to law."
Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, as:
 "[T]hat measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established."
An appellate court will reverse, as a matter of law, a finding by the trial court that the evidence was clear and convincing only if there is a sufficient conflict in the evidence presented. Id.
at 479.
III. OHIO'S FELONY SENTENCING GUIDELINES
A. Purposes
When sentencing a felony offender, the sentencing court must consider the overriding purposes of felony sentencing. R.C.2929.11(A). The overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others and (2) to punish the offender. R.C. 2929.11(A). In order to achieve those purposes, the sentencing court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A).
B. Principles
The sentencing court is also required to consider principles aimed at achieving the two overriding purposes of felony sentencing. R.C. 2929.11(B). The first principle requires that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim." R.C. 2929.11(B). The second principle commands that the sentence be "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).
C. Sentencing Factors
Under Ohio's felony sentencing law there are two primary categories of factors the court must consider in making the sentencing determination — seriousness factors and recidivism factors. Additionally, the court may consider any other relevant factors relating to seriousness and recidivism to the extent they are helpful in achieving the overriding purposes and principles of felony sentencing.
The seriousness factors enumerated in R.C. 2929.12 take one of two forms — factors that make an offense more serious than conduct normally constituting the offense, and factors that make an offense less serious than conduct normally constituting the offense. The factors that make an offense more serious than conduct normally constituting the offense are enumerated under R.C. 2929.12(B). They are:
 "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.
 "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.
 "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.
 "(6) The offender's relationship with the victim facilitated the offense.
 "(7) The offender committed the offense for hire or as a part of an organized criminal activity.
 "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion."
The factors that make an offense less serious than conduct normally constituting the offense are enumerated under R.C.2929.12(C). They are:
"(1) The victim induced or facilitated the offense.
 "(2) In committing the offense, the offender acted under strong provocation.
 "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.
 "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense."
The factors relating to recidivism are enumerated under R.C.2929.12(D). They are:
 "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, * * * or under post-release control * * * for an earlier offense.
 "(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions.
 "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * * or the offender has not responded favorably to sanctions previously imposed for criminal convictions.
 "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.
"(5) The offender shows no genuine remorse for the offense."
D. Statutory Presumptions
For those felony offenders who previously have not served a prison term, there is a statutory presumption in favor of imposition of the shortest prison term authorized for the offense. R.C. 2929.14(B). The sentencing court may impose a prison term longer than the shortest term authorized, but shorter than the longest term authorized, if the court finds on therecord that the shortest term would demean the seriousness of the offender's conduct or would not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B).
When sentencing an offender who has been convicted of a felony of the fifth degree, the court must consider whether any of the following factors enumerated under R.C. 2929.13(B)(1) are present:
 "(a) In committing the offense, the offender caused physical harm to a person.
 "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 "(f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.321, 2907.322, 2907.323, or 2907.34 of the Revised Code.
"(g) The offender previously served a prison term.
 "(h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction."
If the sentencing court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of R.C. 2929.13
and if the court, after considering the factors set forth in R.C.2929.12, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender. R.C. 2929.13(B)(2)(a). Alternatively, if the sentencing court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of R.C. 2929.13 and if the court, after considering the factors set forth in R.C. 2929.12, finds that a prison term is not consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 and finds that the offender is amenable to an available community control sanction, the court is free to impose a community control sanction or combination of community control sanctions upon the offender.
If the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of R.C. 2929.13
and if the court, after considering the factors set forth in R.C.2929.12, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, the court shall impose a community control sanction or combination of community control sanctions upon the offender. R.C.2929.13(B)(2)(b). Conversely, if the court does not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of R.C. 2929.13 and if the court, after considering the factors set forth in R.C. 2929.12, finds that a community control sanction or combination of community control sanctions is not consistent with the purposes and principles of sentencing set forth in R.C. 2929.11, the court is free to sentence to a term of imprisonment otherwise consistent with the law.
IV. APPLICATION
In this case, the trial court sentenced appellant to a prison term longer than the shortest term authorized for the offense. As required by R.C. 2929.14(B), the court found on the record that the shortest term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant. (Judgment Entry of Sentence, p. 3).
Also, despite the fact that the court did not make a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), or (h) of R.C. 2929.13, it rejected imposition of a community control sanction or combination of community control sanctions upon appellant. As required by R.C. 2929.13(B)(2)(b), the court, after considering the factors set forth in R.C. 2929.12, found that a prison term, not a community control sanction or combination of community control sanctions, was consistent with the purposes and principles of sentencing set forth in R.C.2929.11. (Judgment Entry of Sentence, p. 3).
Appellant argues that the record does not support several of the findings upon which the trial court based its sentencing decision. However, the majority of appellant's arguments are directed towards the weight to be given the evidence and the credibility of the witnesses which were matters primarily for judge sitting as the trier of the facts. State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. With this in mind, we turn to appellant's arguments that raise issues beyond that of the weight and credibility to be given to witness testimony.
The trial court's fourth finding states:
 "Defendant shows false remorse for his acts. Defendant now claims that he simply wants to get back to his son and be a good example. The fact of the matter is that if Defendant actually wanted to be a good example for his son he would not be dealing drugs out of his house and would not engage in illegal gun trade purchasing stolen guns off the street as backup for his drug sales. This is particularly true when it was a drug offense that caused Defendant's firearm disability in the first place." (Judgment Entry of Sentence, pp. 2-3)
Appellant points out that he was indicted, not for drug trafficking, only for possession of marijuana under the bulk amount and possession of drug paraphernalia. Appellant argues that the search of his home turned up no evidence to substantiate that he was selling drugs. Appellant argues that he did not contest the forfeiture of the $800.00 in cash so as to cast himself in a favorable light with the prosecutor's office and the court.
A review of the record supports the court's fourth finding. The search warrant affidavit revealed that law enforcement authorities had made three purchases of marijuana from appellant in his home and that a majority of appellant's marijuana sales were to teenagers. The affidavit also set forth appellant's previous felony conviction for trafficking in marijuana and that appellant was then under indictment for two counts of trafficking in marijuana. Appellant questions the trial court's reliance on this type of information. However, Evid.R. 801(C)(3) provides that the Ohio Rules of Evidence do not apply to miscellaneous criminal proceedings, including sentencing hearings. See, also,State v. Cook (1998), 83 Ohio St.3d 404, 425.
The search of appellant's home conducted pursuant to the warrant produced numerous baggies of marijuana, totaling 114.77 grams. Contrary, to the assertion implicitly made by appellant, this amount was in excess of the bulk amount. The original indictment reflects this fact charging appellant with one count of possession of marijuana in an amount exceeding 100 grams but not exceeding 200 grams, in violation of R.C. 2925.11, a misdemeanor of the fourth degree. Only after the parties reached a negotiated plea agreement was the indictment amended to reflect an amount less than the bulk amount. Also, by pleading guilty to the forfeiture specification, appellant was admitting that the $800.00 in cash seized from his home was contraband.
The trial court's fifth finding states:
 "The shortest term possible would demean the seriousness of the offense of possessing firearms while under disability and will not adequately protect the public and the Court therefore imposes a greater term. This offense is or at least approaches the worse [sic] of the offense considering the fact that Defendant's firearm disability was created by a drug offense and that he has now re-armed himself in furtherance of his continued drug trade." (Judgment Entry of Sentence, p. 3).
Appellant takes issue with the court's finding that "he has now re-armed himself in furtherance of his continued drug trade." (Judgment Entry of Sentence, p. 3). Appellant argues that there is no evidence that he ever possessed a firearm before the one uncovered in the search of his home and the court's use of the word "re-armed" is indicative of its animus with him. He also argues that there is no evidence of a "continued drug trade."
The record does not support the court's finding that appellant had "re-armed" himself. However, as indicated earlier, there was ample evidence that appellant did engage in drug trafficking. Despite the lack of evidence that appellant had armed himself on previous occasions, there was other sufficient evidence, including evidence of appellant's continued drug trade, to support the court's finding that the shortest term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant.
In conclusion, the record in this case reveals that the court's stated reasons and findings support imposition of a prison term longer than the shortest term authorized for the offense. The record does not clearly and convincingly support a conclusion to the contrary.
Accordingly, appellant's sole assignment of error is without merit.
The judgment of the trial court is affirmed.
COX, J., VUKOVICH, J., concurs
APPROVED:
 ______________________________ GENE DONOFRIO, JUDGE